IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  vs.                              Civil Action 2:08-CV-25
                                      Magistrate Judge King

**FORTY-THREE THOUSAND ONE HUNDRED
AND 00/100 DOLLARS ($43,100.00)
IN UNITED STATES CURRENCY,**

    **Defendant.**

## OPINION AND ORDER

The United States of America seeks to forfeit currency allegedly used in or representing the proceeds of drug trafficking activities, *see* 21 U.S.C. §881(a)(6), or involved in or traceable to bulk cash smuggling in violation of 31 U.S.C. §5332(a). Claimants Ben Huynh, Con Thi Vo and Phuong Hue Ngo filed an answer claiming ownership of the currency and challenging the government's right to forfeit that currency. Doc. No. 7. With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on the claimants' motion for summary judgment or for judgment on the pleadings, Doc. No. 16, and the government's motion for summary judgment, Doc. No. 20.

A motion for judgment on the pleadings under F.R. Civ. P. 12(c) is resolved by reference to the same standard applicable to a motion to dismiss for failure to state a claim under F.R. Civ. P. 12(b)(6). *Penny/Olmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Thus, all the factual allegations contained in the complaint are accepted as true and a motion for judgment on the pleadings will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

Federal law authorizes the forfeiture to the United States of, *inter alia,*

> all monies ... furnished or intended to be furnished by any person in exchange for a controlled substance ..., all proceeds traceable to such an exchange, and all monies, ... used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. §881(a)(6). Moreover, property traceable to a violation of 31 U.S.C. §5332(a)[1] is likewise forfeitable to the United States in civil forfeiture proceedings. 31 U.S.C. §5332(c)(1). Forfeiture proceedings relating to 21 U.S.C. §881(a)(6) and to 31 U.S.C. §5332(a) are governed by 18 U.S.C. §981 *et seq. See* 21 U.S.C. §881(b); 31 U.S.C. §5332(c)(2).

In order to prevail in a civil forfeiture action such as this, the United States must establish by a preponderance of the evidence that

---

[1] Section 5332(a) prohibits:

> **(1) In general.--** Whoever, with the intent to evade a currency reporting requirement under Section 5316 knowingly conceals more than $10,000, in currency or other monetary instruments on the person of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the Untied States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense and subject to punishment pursuant to subsection (b).
>
> **(2) Concealment on person. --** For purposes of this section, the concealment of currency on the person of any individual includes concealment in any article of clothing worn by the individual or in any luggage, backpack, or other container worn or carried by such individual.

2

the property at issue is subject to forfeiture. 18 U.S.C. §983(c)(1); *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416, 418 (6th Cir. 2006). In attempting to meet its burden, the United States "may use evidence gathered after the filing of the complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture." 18 U.S.C. §983(c)(2). In this regard,

> if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the criminal commission of an offense, the Government shall establish that there was a substantial connection between the defendant property and the alleged offense.

18 U.S.C. §983(c)(3). A claimant bears the burden of proving that he or she is an "innocent owner" by a preponderance of the evidence. 18 U.S.C. §983(d)(1).

The parties agree that the defendant currency, totalling $43,100.00 -- much of it in $100 bills -- was seized from the claimants on July 16, 2007 at the Port Columbus International Airport. *Verified Complaint*, ¶5, p.2, Doc. No. 2;[2] *Answer,* ¶1, p.1, Doc. No. 7. *See also Response to Plaintiff's Request for Admission No. 1, Exhibit 2a, 2b, 2c*, attached to Doc. No. 20. Federal agents determined that claimants had "currency throughout their belongings and sewn in their clothing." *Id.*

On the date the currency was seized, the claimants, Ben Huynh, his wife and his mother-in-law, intended to travel to Viet Nam from Columbus via Dallas, Texas, and Los Angeles, California. *Response to Request for Admission No. 4, Exhibit 2a; Response to Request for Admission No. 3, Exhibits 2b, 2c*, attached to Doc. No. 20. The complaint alleges that the claimants provided inconsistent answers to questions regarding

---

[2] The version of the *Verified Complaint* actually appearing on the docket does not include the verification of the agent. *See Verified Complaint,* p. 9.

the source of the currency and their employment.  Claimant Huynh admits that he advised interrogating agents that he owned a nail grooming business, known as Perfect Nails, in Zanesville, Ohio.  *Response to Request for Admission No. 9, Exhibit 2a,* attached to Doc. No. 20.  However, he asserts that he also advised those agents that the business was closed.  *Response to Request for Admission Nos. 9, 10, Exhibit 2a,* attached to Doc. No. 20.

Claimant Huynh also avers that his wife speaks and understands very little English and that his mother-in-law "does not speak, read, or write English in any sense."  *Affidavit of Ben Huynh,* ¶3, attached to *Motion for Summary Judgment, Motion for Judgment on the Pleadings,* Doc. No. 16.  This claimant also avers that no government or travel agent advised any of the claimants that currency in an amount greater than $10,000 must be reported.  *Id.,* ¶7.  Claimant Huynh asserts that none of the claimants has a criminal record, *Affidavit of Ben Huynh,* ¶5, an assertion not controverted by the government.  Claimant Vo, the mother-in-law and mother of the other two claimants, respectively, asserts that she is the sole owner of $28,000 of the seized currency.  *Affidavit of Con Thi Vo,* ¶1, attached to *Answer,* Doc. No. 7.

Included within the discovery materials provided by claimants and attached to the government's motion for summary judgment are copies of Century National Bank statements in the name of "Ben Huynh, d/b/a Perfect Nails," for the period August 31, 2005, to July 31, 2007.  *Exhibit 4(b).*  No balance during that period of time exceeded $6,000. *Id.*  Final withdrawal from the account, in the amount of $4,325.42, was made on July 9, 2007.  *Id., 4(b),* p.38.  Also included in those materials is a photocopy of a check dated August 2006 made payable to claimant Vo in the amount of $18,972.22.  *Exhibit 4(d),* p.1.  Claimant Huynh asserts that

4

this amount represents the proceeds of the cash surrender value of a life insurance policy. *Affidavit of Ben Huynh,* ¶4, attached to Doc. No. 16. That check was apparently deposited into the U.S. Bank account in the name of the other two claimants, *Exhibit 4(d),* p.2; *Exhibit 4(e),* although most of that amount had been withdrawn from that account by the following month. *Exhibit 4(e),* pp. 3-4. The ending balance of that account as of September 27, 2006, was approximately $1,000,00. *Id.*, p.4. It also appears that mortgage payments in the amount of $1,368.44 may have been electronically paid from that account. *See Id.* Finally, claimant Vo has submitted an affidavit denying that she has ever been involved in criminal activity, *Affidavit of Claimant Con Thi Vo*, ¶4, attached to *Memorandum contra Plaintiff's Motion for Summary Judgment,* Doc. No. 21, and asserting that her children have always provided her with money. *Id.,* ¶5.

Other factual assertions in support of and in opposition to the motions cannot be considered by the Court because they have not been asserted under penalty of perjury. *See, e.g., Verified Complaint for Forfeiture,* p. 9, *Affidavit, Exhibit 4(f),* attached to Doc. No. 20.

The United States contends that the evidence of record establishes a substantial connection between the seized currency and illegal drug trafficking or bulk cash smuggling, or both. *Government's Counter Motion for Summary Judgment,* pp. 13-14, Doc. No. 20.

> Seizure of a large sum of currency; bundled and concealed in a suspicious manner; an implausible or contradictory explanation of claimants' possession of the currency; and, a positive alert by a trained narcotics detecting canine are more than sufficient to justify summary judgment in a civil forfeiture case.

*Id.,* p.14 (citations omitted). However, there is no admissible evidence presently in the record regarding a positive alert by a canine. Moreover, the claimants aver that the limited command of the English language on the

5

part of at least two claimants explains otherwise inconsistent or contradictory responses to questions by investigating officers at the time of the seizure. The Court concludes that the United States has not, on this record, established by a preponderance of the evidence its right to forfeit the seized currency. Its motion for summary judgment is therefore without merit. Specifically, the Court concludes that there remains an issue of fact regarding the government's contention that the seized currency was used in or represents the proceeds of drug trafficking. *See* 21 U.S.C. §881(a)(6). There also remains a genuine issue regarding the government's right to forfeit the currency as involved in or traceable to bulk cash smuggling. *See* 31 U.S.C. §5332(a). At the time of the seizure, the claimants had not yet left the country; indeed, their travel plans involved two more stops in the United States before departing for Viet Nam.

The Court also concludes that the record does not justify the grant of the claimants' motion for judgment on the pleadings or for summary judgment. The evidence properly before the Court establishes that the relatively large amount of currency seized at the airport was carried by the claimants under suspicious circumstances. Moreover, the financial documents produced by the claimants in response to the government's discovery requests do not clearly establish a legitimate source of the currency.

For all these reasons, then, the motions of the parties, Doc. Nos. 16, 20, are **DENIED.**

The matter will be scheduled forthwith for a final pretrial conference.

September 14, 2009                    s/Norah McCann King
                                   Norah McCann King
                             United States Magistrate Judge